UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER SIRMONS, JR.,  :
                                  :
       Petitioner          :    No. 1:16-CV-00141
                                  :
  vs.                       :    (Judge Kane)
                                  :
DEPUTY ZAKEN, et al.,      :
                                  :
                                  :
      Respondents       :

**MEMORANDUM**

**Background**

      Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Christopher Sirmons, Jr., a state inmate, confined at the State Correctional Institution at Greene, Waynesburg, Pennsylvania. Doc. 1. Along with the petition, Sirmons filed a motion to proceed in forma pauperis. Doc. 3. The petition has been given preliminary consideration and, for the reasons discussed below, the court will grant Sirmons' motion to proceed in forma pauperis and dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. GOVERNING § 2254 CASES R. 4.[1]

      On or about September 9, 2014, Sirmons was arrested and charged with several offenses, including aggravated assault.

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Commonwealth of Pennsylvania v. Christopher Lee Sirmons, CP-14-CR-0001770-2014.[2] On November 6, 2015, a jury found Sirmons guilty of two counts of aggravated assault and two counts of simple assault. Id. On December 17, 2015, the Honorable Thomas King Kistler, President Judge of the Court of Common Pleas of Centre County, imposed on Sirmons an aggregate sentence of 4 to 8 years imprisonment. Petitioner appealed his sentence with the filing of a notice of appeal on February 10, 2016. Id. The docket of the Superior Court of Pennsylvania lists Petitioner's appeal as a pending matter, with a briefing schedule issued on April 20, 2016. Commonwealth of Pennsylvania v. Christopher Lee Sirmons, 261 MDA 2016, https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=261+MDA+2016 (last accessed February 23, 2016).

A state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), ©; Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would

---

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case filed against Sirmons in the Court of Common Pleas of Centre County. https://ujsportal.pacourts.us/DocketSheets/CP.aspx (Last accessed February 23, 2016). A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).[3] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Gibson, 805 F.2d at 138.

A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997).

Sirmons has not exhausted his state-court remedies. As is evident from the petition and the dockets of the Centre County Court of Common Pleas and the Superior Court of Pennsylvania, his appeal is presently pending before the Superior Court. Thus, the

---

3. Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

Court must allow for state proceedings to conclude before entertaining Sirmons' habeas petition.[4]

The Court finds that the policy behind exhaustion is best served by dismissing this petition, without prejudice, to petitioner's right to refile promptly at the conclusion of state court proceedings. Because Petitioner's appeal remains pending, a subsequent filing will not be barred by the one-year statute of limitations. Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is also tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Given the status of Sirmons' state proceedings, even on the strictest calculation of the limitations period, petitioner

---

4. The Court recognizes that the exhaustion requirement may be excused where the opportunity to obtain relief in state course was lacking or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1 (1981). These extraordinary circumstances are not present here. Petitioner has neither alleged nor shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule.

still has time to return to federal court after exhausting state-court remedies, as petitioner's judgment has yet to become final. Indeed, Petitioner may yet obtain the relief he seeks in state court proceedings.  Thus, the Court will dismiss the petition without prejudice.

  Based on petitioner's failure to exhaust his issue in state courts, petitioner has failed to make a showing of a denial of a constitutional right. Thus, a certificate of appealability will not be granted.  However, petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals.  See Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

  An appropriate order will be entered.